UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK COUNTY BANCORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION-RECEIVER,<br><br>　　　　Defendant. | CASE NO. C14-5816 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Clark County Bancorporation's ("CCB") motion for summary judgment (Dkt. 25) and Defendant Federal Deposit Insurance Corporation-Receiver's ("FDIC-R") motion to dismiss (Dkt. 40). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows.

**I. PROCEDURAL HISTORY**

On October 15, 2014, CCB filed a complaint against Defendants Federal Deposit Insurance Corporation ("FDIC") and FDIC-R demanding a ruling that the FDIC's

ORDER - 1

Disallowance of Claim was improper and awarding CCB $9,682,280.05 as set forth in CCB's proof of claim. Dkt. 1.

On January 9, 2015, CCB filed a motion for summary judgment. Dkt. 25.

On February 12, 2015, FDIC filed a motion to dismiss. Dkt. 32. On February 26, 2015, CCB filed an amended complaint. Dkt. 35. On March 3, 2015, CCB voluntarily dismissed its claim against FDIC. Dkt. 36.

On March 6, 2015, FDIC-R responded to CCB's motion for summary judgment. Dkt. 37.

On March 11, 2015, FDIC-R filed a motion to dismiss. Dkt. 40. On April 27, 2015, CCB responded to FDIC-R's motion (Dkt. 46) and replied to its motion for summary judgment (Dkt. 49). On May 18, 2015, FDIC-R replied to CCB's response. Dkt. 53.

## II. FACTUAL BACKGROUND

The material facts of this case are almost entirely undisputed. CCB was the parent of the Bank of Clark County, which was taken over by the FDIC in 2009. Based on the Bank of Clark County loses, the FDIC-R filed amended tax returns for previous years, and the IRS subsequently issued refunds to the FDIC for more than nine million dollars. CCB also filed amended tax returns based on the same loses, but the IRS did not issue duplicate refunds. CCB's complaint alleges that it is entitled to the refunds that the IRS sent to the FDIC-R.

## III. DISCUSSION

**A.     Motion to Dismiss**

FDIC-R requests that the Court dismiss CCB's complaint because the Court lacks jurisdiction over CCB's claims and because CCB fails to state a valid claim for relief.

**1.     Subject Matter Jurisdiction**

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") provides the FDIC, acting in its capacity as receiver, with the authority to determine claims against a failed depository institution. 12 U.S.C. § 1821(d)(3)(A). If a claimant submits a timely claim to the FDIC, it must determine within 180 days whether to allow or disallow the claim. *Id*. § 1821(d)(5)(A)(i). On the other hand, if a claimant does not submit a timely claim, then the claim "shall be disallowed and such disallowance shall be final." *Id*. § 1821(d)(5)(C)(i). There is one exception to this bar wherein FDIC-R may consider claims filed after the claims bar date if: (1) the claimant did not receive notice of the appointment of the Receiver in time to file a claim, and (2) the claim is filed in time to permit payment of the claim. 12 U.S.C. § 1821(d)(5)(C)(ii). The FIRREA, however, is silent on the factual situation that CCB currently alleges, which is that CCB knew about the receivership during the relevant time period, but did not know about the claim until the bar date had passed. In such a situation, the Court declines to accept FDIC-R's position that the claim is barred.

Instead, there is some case law in CCB's favor. For example, the Second Circuit held in a factually similar case that

>upon a review of the FIRREA's structure, its legislative history, and relevant precedent, we are left with "substantial doubt" that Congress intended the notice provision to act as a jurisdictional bar in the circumstances presented here.

*Carlyle Towers Condo. Ass'n, Inc. v. F.D.I.C.*, 170 F.3d 301, 310 (2d Cir. 1999). Moreover, "like a statute of limitations, the filing period is subject to 'waiver, estoppel, and equitable tolling.'" *Id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

In this case, FDIC-R has failed to show that the Court is without jurisdiction to consider CCB's claim. In the unique situation where an entity is aware of the receiver before the bar date, but not aware of the claim before the bar date, equitable remedies are available to the entity to pursue its claim. Although CCB's current arguments miss the mark on any of these equitable remedies, the Court declines to foreclose any possible argument under such doctrines. Therefore, the Court denies FDIC-R's motion to dismiss based on a lack of jurisdiction.

### 2.     Failure to State a Claim

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements

of a cause of action. *Twombly*, 127 S. Ct. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, FDIC-R argues that CCB's claim is based on a theory that has already been rejected. Dkt. 40 at 13–14. In making and responding to this argument, the parties stray far from the allegations set forth in the complaint. For example, CCB's complaint requests that the Court enter judgment that the disallowance of its claim was improper and then award CCB all relief requested in its proof of claim. Dkt. 35 at 3. While CCB may ultimately prove its case as to both requests, it appears to the Court that there is a fair amount of ground to cover between allowing the claim and proving the merits of the claim. Moreover, if the Court enters judgment that the FDIC-R should have accepted the claim, it is unclear whether the claim should be remanded for further administrative consideration or whether the parties are entitled to litigate the merits of the claim in this proceeding. Regardless, the Court agrees with FDIC-R that the current operative complaint is not even a formalistic recitation of the elements of a cause of action. Therefore, the Court grants FDIC-R's motion to dismiss because CCB fails to either state a cognizable legal theory or allege sufficient facts under a cognizable legal theory.

With regard to a remedy, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the

pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

In this case, the Court is not currently persuaded that CCB's pleading could not be possibly cured by any amendment. Therefore, the Court grants CCB leave to amend its complaint.

**B.   Summary Judgment**

CCB moves for summary judgment on all relief requested in its complaint. Dkt. 25. As set forth above, there exist preliminary matters that must be addressed before the Court will engage in any determination of the merits of CCB's claim. Therefore, the Court denies CCB's motion without prejudice.

## IV. ORDER

Therefore, it is hereby **ORDERED** that CCB's motion for summary judgment (Dkt. 25) is **DENIED without prejudice**, FDIC-R'S motion to dismiss (Dkt. 40) is **GRANTED in part and DENIED in part**, and CCB is **GRANTED** leave to amend. CCB shall file an amended complaint no later than June 26, 2015. Failure to file an amended complaint or show good cause why one could not be filed by the deadline will result in **DISMISSAL**.

Dated this 16th day of June, 2015.

BENJAMIN H. SETTLE
United States District Judge