UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLARK COUNTY BANCORPORATION,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

    Defendant.

CASE NO. C14-5816 BHS

ORDER DENYING DEFENDANT'S MOTION TO STRIKE

This matter comes before the Court on Defendant Federal Deposit Insurance Corporation-Receiver's ("FDIC-R") motion to strike third amended complaint (Dkt. 71).

On June 16, 2015, the Court granted FDIC-R's motion to dismiss and granted Plaintiff Clark County Bancorporation's ("CCB") leave to amend its complaint. Dkt. 56. On June 26, 2015, CCB filed a Second Amended Complaint. Dkt. 59. On July 24, 2015, FDIC-R filed a motion to dismiss. Dkt. 65. On August 12, 2015, CCB filed a Third Amended Complaint. Dkt. 70. On August 21, 2015, FDIC-R filed the instant motion to strike. Dkt. 71. On September 3, 2015, CCB responded. Dkt. 73. On September 4, 2015, FDIC-R replied. Dkt. 74.

"A party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B).

In this case, the parties dispute whether this rule allows CCB to file an amended complaint as a matter of course in response to each Rule 12(b) motion. The parties fail to cite, and the Court is unaware of, any binding authority on the question presented. The Advisor's Committee Notes, however, provide as follows:

> the right to amend once as a matter of course . . . will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

Fed. R. Civ. P. 15 advisory's committee notes to 2009 amendment. As applied to this case, the Court finds that CCB filed the complaint to either avoid deciding the motion to dismiss or to streamline issues. In fact, the Third Amended Complaint includes additional allegations regarding the Tax Allocation Agreement, which was the subject of many of CCB's arguments in opposition to dismissal. *See* Dkt. 46. Therefore, the Court declines to strike CCB's complaint and **DENIES** FDIC's motion. FDIC shall respond to the complaint no later than October 22, 2015. The Clerk shall remove FDIC-R's motion to dismiss (Dkt. 65) from the Court's calendar.

**IT IS SO ORDERED**.

Dated this 1st day of October, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge