UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLARK COUNTY
BANCORPORATION,

                    Plaintiff,

        v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
BANK OF CLARK COUNTY,

                    Defendant.

CASE NO. C14-5816 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT, MOTION TO
STRIKE, AND MOTION FOR
PROTECTIVE ORDER AND
GRANTING DEFENDANT'S
MOTION TO SET BRIEFING
SCHEDULE

This matter comes before the Court on Plaintiff Clark County Bancorporation's

("CCB") motion for summary judgment (Dkt. 96), motion to strike and/or preclude

Declaration of David Jones (Dkt. 104), and motion for protective order (Dkt. 105) and

Defendant Federal Deposit Insurance Corporation-Receiver's ("FDIC-R") motion to set

briefing schedule (Dkt. 107).  The Court has considered the pleadings filed in support of

and in opposition to the motion and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On February 10, 2016, CCB filed a Fourth Amended Complaint ("FAC") asserting

one cause of action arising from the FDIC-R's disallowance of CCB's claim for tax

refunds. Dkt. 88. On February 24, 2016, FDIC-R answered and asserted four affirmative defenses, including the defense that CCB's claim was untimely. Dkt. 94.

On December 20, 2016, CCB filed a motion for summary judgment. Dkt. 96. On January 30, 2017, FDIC-R responded and submitted the Declaration of David Jones ("Jones Dec.") in support of its opposition. Dkts. 100, 101. On March 8, 2017, CCB replied, moved to strike the Jones Dec., and moved for a protective order. Dkts. 102, 104, 105. On March 9, 2017, FDIC-R moved to set a briefing schedule on its motion for summary judgment. Dkt. 107. On March 15, 2017, FDIC-R responded to the motion for protective order, and CCB responded to the motion to set a briefing schedule. Dkts. 108, 110. On March 17, 2017, FDIC-R replied to the motion to set a briefing schedule, and CCB replied to the motion for protective order. Dkts. 111, 112. On March 27, 2017, FDIC-R responded to the motion to strike. Dkt. 113. On March 31, 2017, CCB replied. Dkt. 114.

## II. FACTUAL BACKGROUND

In 2001, CCB and the Bank of Clark County ("Bank") existed as a bank holding company and a Washington state-chartered bank. FAC, Exh. D. On August 1, 2001, CCB and the Bank entered into a Tax Allocation Agreement ("TAA") with CCB as the Parent and the Bank as the Bank Subsidiary. *Id*. The parties planned to file consolidated tax returns for the 2001 tax year and all future years. *Id*. Relevant to the instant motion, the plan provides as follows:

> In the event Bank Subsidiary incurs a loss for tax purposes, as
> computed in paragraph 1, Bank Subsidiary shall record a current income
> tax benefit and receive a refund from Parent in an amount no less than the

amount Bank Subsidiary would have been entitled to receive as a separate entity as computed in paragraph 1. Parent shall pay such refund to Bank Subsidiary not later than 30 days after the date Bank Subsidiary would have filed its own return, regardless of whether the consolidated group is receiving a refund.

*Id*. ¶ 4.

CCB filed tax returns on behalf of the Bank pursuant to the agreement. On January 16, 2009, the Washington Department of Financial Institutions closed the Bank and appointed the Federal Deposit Insurance Corporation as receiver. Both CCB and the FDIC-R filed amended tax returns for the Bank requesting over nine million dollars in refunds due to losses in the tax years 2008 and 2009. The Internal Revenue Service issued the refunds to FDIC-R. On July 29, 2014, CCB submitted a claim for the refunds. FAC, Exh. B. On August 26, 2014, the FDIC-R rejected the claim. *Id*., Exh. A. The sole reason given for the disallowance of claim is as follows: "Claim was filed after established Bar date of December 30, 2008. Therefore, the claim is disallowed in the total claimed $9,682,280.08 as untimely." *Id*. This suit followed requesting review of the claim denial and adjudication of the merits of the claim.

## III. DISCUSSION

**A.    Motion to Strike**

"Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion." Local Rules, W.D. Wash. LCR 7(g).

In this case, CCB's motion to strike is procedurally improper. Instead of including the motion in the response brief, CCB filed an additional motion. Therefore, the Court denies the motion as improper.

**B.    Summary Judgment**

CCB moves for summary judgment requesting that the Court issue an order requiring FDIC-R to deliver the tax refunds to CCB together with interest, costs of suit, and attorney's fees. Dkt. 96 at 17. The motion, however, appears to be premature because the FDIC-R's denial of CCB's claim was based on timeliness and review of that decision has not been completed. In its previous order, the Court provided as follows:

> In this case, FDIC-R has failed to show that the Court is without jurisdiction to consider CCB's claim. In the unique situation where an entity is aware of the receiver before the bar date, but not aware of the claim before the bar date, equitable remedies are available to the entity to pursue its claim. Although CCB's current arguments miss the mark on any of these equitable remedies, the Court declines to foreclose any possible argument under such doctrines. Therefore, the Court denies FDIC-R's motion to dismiss based on a lack of jurisdiction.

Dkt. 56 at 4. Instead of addressing the timeliness issue, CCB moves straight to the merits of its claim for the refund. Jurisdiction is a threshold issue, and the Court will address that issue first by reviewing the FDIC-R's decision regarding timeliness of the claim. Otherwise, the Court could improperly issue an advisory opinion on the merits.

Furthermore, even if the Court reversed the FDIC-R's decision on timeliness, the parties have failed to provide any authority for the proposition that the Court should engage in review of the merits without a fully developed record. FDIC-R briefly addresses this issue and proposes that '[i]f the Court concludes that the denial of the

claim on timeliness grounds was improper, it could remand the case to the [FDIC-R] to re-determine the claim." Dkt. 100 at 14 (citing *Elmco Properties, Inc. v. Second Nat. Fed. Sav. Ass'n*, 94 F.3d 914, 922 (4th Cir. 1996)). The Court is unaware of, and the parties have failed to cite, any Ninth Circuit authority on this issue, but this is the usual course of review for government agency actions. Currently, there is no record to review as to the merits of CCB's claim. While FDIC-R misleadingly contends that it correctly determined that no portion of the tax refunds was allocable to CCB, Dkt. 100 at 9, the only record of this "determination" appears to be for the purposes of its response to CCB's motion, Jones Dec. ¶¶ 1, 25. Unless the parties can provide any authority to the contrary, the Court will proceed with the establishment of jurisdiction and a *complete* record to review. Moreover, if the FDIC-R reviews the claim on the merits, it may agree with CCB in whole or in part, which could simplify the issues in this matter. Therefore, the Court denies without prejudice CCB's motion for summary judgment on the merits.

**C.      Protective Order**

CCB moves for a stay of discovery pending determination of the motion for summary judgment. Dkt. 105. The Court denies the motion as moot.

**D.      Schedule**

FDIC-R moves for a scheduling order on its proposed motion for summary judgment. Dkt. 107. CCB concedes that the case should proceed to discovery if its motion for summary judgment is denied. Dkt. 110 at 3. The Court has denied CCB's motion and agrees that the case should proceed with either a normal or abbreviated trial

schedule. Therefore, the Court grants FDIC-R's motion, orders the parties to meet and confer regarding a scheduling order, and submit a joint status report on this issue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that CCB's motion for summary judgment (Dkt. 96) is **DENIED without prejudice**, motion to strike and/or preclude Declaration of David Jones (Dkt. 104) is **DENIED**, and motion for protective order (Dkt. 105) is **DENIED** and FDIC-R's motion to set briefing schedule (Dkt. 107) is **GRANTED**. The parties shall submit a joint status report no later than June 2, 2017.

Dated this 18th day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge