1

2                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
3                                    AT TACOMA

4
CLARK COUNTY                               CASE NO. C14-5816 BHS
5    BANCORPORATION,

6                          Plaintiff,      ORDER GRANTING
                                           DEFENDANT'S MOTION TO
          v.                               COMPEL, REQUESTING
7                                          SUPPLEMENTAL RESPONSE
     FEDERAL DEPOSIT INSURANCE             FROM PLAINTIFF, AND
8    CORPORATION, AS RECEIVER FOR          RENOTING PLAINTIFF'S
     BANK OF CLARK COUNTY,                 MOTION
9
                           Defendant.
10

11          This matter comes before the Court on Defendant Federal Deposit Insurance

12   Corporation-Receiver's ("FDIC-R") motion to compel (Dkt. 129) and Plaintiff Clark

13   County Bancorporation's ("CCB") motion for contempt (Dkt. 132). The Court has

14   considered the pleadings filed in support of and in opposition to the motions and the

15   remainder of the file and hereby rules as follows:

16                     **I.   PROCEDURAL AND FACTUAL HISTORY**

17          On February 10, 2016, CCB filed an amended complaint asserting one cause of

18   action arising from the FDIC-R's disallowance of CCB's claim for tax refunds.  Dkt. 88.

19   CCB owned all of the stock in Bank of Clark County ("Bank"), which the FDIC-R took

20   over as a failed institution.  CCB and the Bank entered into a Tax Allocation Agreement.

21   CCB alleges that the agreement "requires calculation of federal income taxes on a

22   separate entity basis. A subsidiary may receive only an amount which is equal to the

amount of the tax refund that the subsidiary would have received from the I.R.S. if its taxes had been calculated on a stand-alone basis." *Id*. ¶ 21. CCB attached to the complaint a chart showing the Bank's percentage taxable income and refund amount. *Id*., Exh. E ("Chart").

During discovery FDIC-R served requests for admissions and interrogatories on CCB. Interrogatory 1 requested an explanation of the computations and calculation of the Chart. Dkt. 129 at 28. Interrogatory 3 requested an explanation of a statement CCB included in its motion for summary judgment. *Id*. Interrogatory 4 requested an explanation for and information pertaining to any denial of a request for admission. *Id*. at 29. CCB objected to this discovery. On November 16, 2017, FDIC-R filed a motion to compel. Dkt. 129. On December 18, 2017, CCB responded. Dkt. 134. On December 29, 2017, FDIC-R replied. Dkt. 135.

Also during discovery, CCB served subpoenas on the United States Department of the Treasury ("DOT") requesting the production of certain documents. CCB asserts that DOT has not responded to the subpoena. On December 1, 2017, CCB filed a motion for contempt requesting that the Court hold DOT in contempt for failing to respond. Dkt. 132.

## II. DISCUSSION

**A.    Compel**

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "Parties may obtain

1    discovery regarding any nonprivileged matter that is relevant to any party's claim or

2    defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

3         In this case, FDIC-R moves to compel CCB to respond to interrogatories 1, 3, and

4    4. With regard to numbers 3 and 4, FDIC-R has shown that the information is relevant to

5    issues in this case. Explanations regarding computations and calculations for numbers in

6    a chart attached to the complaint is relevant. Moreover, information regarding a position

7    an opposing party took in an earlier summary judgment motion is also relevant.

8    Therefore, the Court grants FDIC-R's motion on these requests.

9         Regarding interrogatory number 4, FDIC-R has shown that responses are required.

10   While CCB is correct that Rule 36 does not control interrogatories, multiple courts have

11   held that, under Rule 33, requesting explanations for denials are appropriate as long as

12   the party does not exceed the allowed number of interrogatories. *See*, *e.g.*, *Jovanovich v.*

13   *Redden Marine Supply, Inc.*, C10-924-RSM, 2011 WL 4459171, at *2–3 (W.D. Wash.

14   Sept. 26, 2011). FDIC-R requests information regarding eight denials, which does not

15   exceed its allotted 25 interrogatories. Therefore, the Court grants FDIC-R's motion on

16   this issue.

17        Finally, regarding fees, the Court reserves ruling on the fee request. If CCB

18   timely responds subsequent to this order, then the Court is inclined to deny fees.

19   However, if CCB asserts new objections or otherwise obstructs production, FDIC-C may

20   move for these fees plus others incurred in attempting to resolve such obstructions.

21

22

**B.      Contempt**

The Court finds at least two potential problems with CCB's motion.  First, due process requires notice and an opportunity to be heard.  While CCB certifies that the motion was served on the parties, the Court is unable to locate any certification that the motion was served on DOT.  Without such certification, the Court will not hold a party in contempt without notice.

Second, CCB's subpoena requires compliance more than 100 miles from where DOT apparently conducts business.  CCB served the subpoenas on DOT in Washington D.C. and required compliance in Vancouver, WA.  Such requests may violate Fed. R. Civ. P. 45(c).

Therefore, the Court requests a supplemental response from CCB before considering the merits of its motion.  A response is due by February 9, 2018.  Failure to respond will result in denial of the motion.  The Clerk shall renote the motion for consideration on the Court's February 9, 2018 calendar.

## III.  ORDER

Therefore, it is hereby **ORDERED** that FDIC-R's motion to compel (Dkt. 129) is **GRANTED** and the Clerk shall renote CCB's motion for contempt (Dkt. 132).  CCB may file a supplemental response no later than February 9, 2017.

Dated this 31st day of January, 2018.

BENJAMIN H. SETTLE
United States District Judge